IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| HON. TOM PARKER, Associate Justice, Supreme Court of Alabama, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:16-CV-442-WKW [WO] |
| JUDICIAL INQUIRY COMMISSION OF THE STATE OF ALABAMA, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the parties' Joint Rule 26(f) Report. (Doc. # 77.) Because the parties could not agree on whether discovery is warranted, the court ordered additional briefing and held a Rule 16(c)(2)(F) conference. (Doc. # 78.) As recounted in that Order, "Justice Tom Parker, the plaintiff, contends liberal discovery is in order, and asks for discovery regarding the Judicial Inquiry Commission's ('JIC') rules and procedures for investigating ethical complaints, JIC's past investigations concerning alleged violations of the Alabama Canons of Judicial ethics, JIC's investigation of Justice Parker and any communications that occurred as part of that investigation, and all claims, defenses, and information asserted by Defendants." (Doc. # 78, at 1 (internal quotation marks and citations omitted).) "Defendants, on the other hand, argue that the case presents only 'pure

questions of constitutional law' that can be settled without discovery, and that, in any event, 'Plaintiff's proposed discovery subjects concern either publicly available legal documents or confidential investigatory material of the Judicial Inquiry Commission.'" (Doc. # 78, at 1–2 (quoting Doc. # 77, at 3).)

Construing the contested Rule 26(f) report as a motion, Defendants' blanket objection to any discovery is due to be denied, and Plaintiff's motion for discovery will be granted in part and denied in part. Whether Justice Parker's claims are construed as facial or as-applied challenges—and the court need not pigeonhole them at this point (Doc. # 64, at 16 n.6)—some discovery regarding the prior actions of the JIC is appropriate. *See Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 282 (4th Cir. 2013) (en banc) (explaining why discovery can be warranted in some facial constitutional challenges). Even so, given the confidential nature of the JIC proceedings, and to prevent discovery from turning into a fishing expedition, discovery will be limited in scope and method until further order. *See* Fed. R. Civ. P. 26(b)(1), (c).

Accordingly, it is ORDERED as follows:

*First*, Defendants' objection to discovery is OVERRULED, and Justice Parker's motion for discovery is GRANTED in part and DENIED in part. (Doc. # 77.)

*Second*, initial disclosures by the parties shall be made by **December 22, 2017**.

*Third*, Justice Parker's proposed discovery schedule set out in ¶¶ 6, 7, 8, and 9 of the Joint Rule 26(f) Report (Doc. # 77, at 6) is adopted, and a Uniform Scheduling Order will be issued. Pretrial, trial, and related dates will be set later.

*Fourth*, until further order of the court, the parties are limited to written discovery, to include depositions by written questions. *See* Fed. R. Civ. P. 31(a)(2). The parties are reminded that contention interrogatories must relate to the facts of the case. *See* Fed. R. Civ. P. 33(a)(2); Fed. R. Civ. P. 33(b) advisory committee note to 1970 amendment ("[I]nterrogatories may not extend to issues of 'pure law,' *i.e.*, legal issues unrelated to the facts of the case.").

*Fifth*, until further order of the court,[1] (a) no discovery requests of or to third parties shall be made, (b) nor is discovery allowed concerning donations made at any time to the candidacy of Justice Parker, (c) nor is discovery allowed regarding the deliberations of the JIC. Limited discovery is allowed regarding prior

---

[1] To the extent the grand jury analogy is helpful, the JIC functions somewhat like a grand jury during its investigatory phase, and more like a prosecutor once it charges a judge with misconduct and prosecutes the case before the Court of the Judiciary. But, unlike a grand jury, the JIC (1) gives information to the accused while it is conducting its investigation and before bringing charges, and (2) becomes the prosecutor once it resolves the investigation against the subject judge. Because of these differences, it is not the case that all workings of the JIC are necessarily and completely cloaked in the secrecy long afforded to grand jury proceedings. Thus, the analogy offered by the JIC (Doc. # 84, at 15) is not helpful in this case. *See also* Amendment to Rule 5.C, Rule 6, and Rule 19 and Special Writings (Apr. 1, 2010), http://judicial.alabama.gov/rules/rules.cfm.

investigations of the JIC into alleged or possible violations of Alabama Canons of Judicial Ethics 1, 2A, and 3A(6). Since Justice Parker's challenges to Canons 1 and 2A are on free speech grounds (Doc. # 1, at 24–26), discovery related to those canons is limited to investigations concerning a judge's or a judicial candidate's speech. No such limitation exists as to Canon 3(A)(6). Additionally, all discovery by any party related to JIC investigations is to be conducted confidentially pursuant to a protective order, with discovery redacted as appropriate, and filed under seal (if submitted to the court). All names—including the names of the complainant, the judge under investigation, any witnesses, and anyone else involved in the investigation—dates, case numbers, location of the judge or court—including circuit or county location—and any other personal-identifying information shall be redacted. What is discoverable could include, for instance, an overview by the JIC of the investigations it has conducted related to Canons 1, 2A, and 3A(6) with information regarding:

(1) the nature of the alleged violation, including a description of the speech at issue;

(2) the outcome of the investigation (*e.g.*, dismissed, settled, prosecuted before the Court of the Judiciary, judge resigned or died, etc.);

(3) if the case was prosecuted, the result (and, if found guilty, the punishment imposed); and

(4) whether the accused was a judge or a judicial candidate.

This information might best be produced in chart form, but that is for the parties to decide.

*Sixth*, the parties shall confer and report **on or before December 28, 2017**, on a proposed protective order regarding any other confidentiality requirements for discovery related to JIC investigations.  Any proposed order shall be (i) filed as an attachment to the motion, and (ii) sent as a WordPerfect or Word attachment to propord_watkins@almd.uscourts.gov.

*Seventh*, nothing in this Order precludes any party from raising any proper objection to discovery or from filing a motion for protective order as appropriate. The parties are reminded of their obligations, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to confer in person in good faith to resolve discovery disputes prior to filing discovery motions.  The provisions of this Order may be modified by order of the court upon a showing of good cause.

*Eighth*, subject to the limitations of paragraphs *Fourth* and *Fifth* above, the parties may make such other discovery requests they deem appropriate within the bounds provided by the Federal Rules of Civil Procedure.

DONE this 14th day of December, 2017.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE